UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THOMAS DIMATTINA,**

      **Plaintiff,**

**v.**                         **Case No: 6:17-cv-321-Orl-41DCI**

**WESTGATE RESORTS, LTD.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter comes before the undersigned after Plaintiff's failure to timely respond to the pending Order to Show Cause (Doc. 3). For the reasons discussed below, the undersigned recommends the case be transferred to the United States District Court for the Middle District of Florida, Tampa Division.

On February 23, 2017, Plaintiff filed a complaint (the Complaint) against Westgate Resorts, LTD, d/b/a Westgate River Ranch (Defendant), alleging Defendant violated the Americans with Disabilities Act (ADA). Doc. 1. Specifically, Plaintiff alleges that he resides in Broward County, Florida. *Id.* at ¶ 3. Plaintiff alleges that Defendant owns, operates or leases the Westgate River Ranch, which is located in Polk County, Florida. *Id.* at ¶¶ 6-7. Plaintiff maintains that the Westgate River Ranch has several features that do not comply with the ADA, and applicable regulations. *See id.* at ¶ 5.

On February 27, 2017, the undersigned entered an Order to Show Cause against Plaintiff, directing him to show cause in writing on or before March 6, 2017, why this case should not be transferred to the Tampa Division. Doc. 3. The undersigned admonished Plaintiff that "[f]ailure to respond to the Order to Show Cause in the time provided will result in a report recommending

the case be transferred to Tampa Division of the Middle District of Florida without further warning." *Id*. at 2. Plaintiff has not responded to the Order to Show Cause, and the time to respond thereto has passed.

This case should proceed in the Tampa Division of the Middle District of Florida. The subject property is located in Polk County, Florida, which is located in the Tampa Division of the Middle District of Florida. Local Rule 1.02(b)(4). The local rules of this Court provided that "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Local Rule 1.02(c). In light of the allegations in the Complaint and Plaintiff's failure to respond to the Order to Show Cause, the undersigned finds that this case should be transferred to the Tampa Division for further proceedings. *See* 28 U.S.C. 1406(a) (The district court of a district in which is filed a case laying venue in the wrong division . . . shall dismiss, or if it be in the interest of justice, transfer such case to any . . . division in which it could have been brought."); Local Rule 1.02(e) ("The Court may, within its discretion . . . order that any case, civil or criminal, be transferred from one Division to any other Division for trial[.]").

Accordingly, it is **RECOMMENDED** that the Court **TRANSFER** this case to the United States District Court for the Middle District of Florida, Tampa Division for further proceedings.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1.  **If Plaintiff has no objection to this report, he may promptly file a notice of no objection in order to expedite the disposition of this matter.**

 Recommended in Orlando, Florida on March 13, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy